UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS LABS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AETNA, INC., et al.,<br><br>　　　　Defendants. | Case No.  25-cv-08525-RFL<br><br>**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 60 |

Defendants' request for issuance of an order to show cause is **DENIED**.  The prior dismissal order explained that "[t]he amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15."  (Dkt. No. 54 (the "Prior Order") at 11.)  Defendants argue that the inclusion of new alleged "schemes" in the amended complaint that were not described in the original complaint, along with examples of those schemes, exceeds the scope of permitted amendment.  However, one of the deficiencies identified in the Prior Order was GS's failure to sufficiently allege the commission of mail and wire fraud predicate acts:

> Wire or mail fraud consists of the following elements:  (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud.  GS does not sufficiently allege that Aetna formed any fraudulent scheme.

(*Id.* at 2 (citation and quotation marks omitted).)  Thus, the latest scheme allegations are within the scope of permitted amendment.

It does not matter whether all of the schemes alleged in the original complaint "ultimately derive[d] from Aetna's alleged failure to comply with the FFCRA and the CARES Act in

purported violation of [certain enumerated] representations" and that GS failed to sufficiently allege the falsity of those representations.  (*See id.* at 3.)  The broader deficiency identified concerned a failure to sufficiently allege the commission of predicate acts, and nothing in the Prior Order limited GS to addressing only this narrower deficiency in its amended pleading.[1]

The parties had previously stipulated to a briefing schedule on a forthcoming motion to dismiss, which was vacated after Defendants filed the instant motion.  By **June 19, 2026**, the parties shall file a new stipulated briefing schedule for Defendants' forthcoming motion to dismiss.

     **IT IS SO ORDERED.**

Dated: June 12, 2026

RITA F. LIN
United States District Judge

---

[1] The Court declines to address the alternative request for a *sua sponte* dismissal based on the length of the amended complaint, as that request was raised only in a footnote.  (*See* Dkt. No. 60 at 4 n.1.)  Moreover, a lengthy complaint is not *per se* impermissible in light of the elements of a RICO claim and the requirements of Rule 9(b).  This ruling is without prejudice to the argument being re-raised in Aetna's motion to dismiss.